IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Holland Koon, # 227826, <br> *a/k/a Robert Koon a/k/a Robert H. Koon*, <br><br> Plaintiff, <br><br> vs. <br><br> U.S. Attorney General Loretta Lynch, <br> Chief Justice Jean Toal, and <br> S.C. Attorney General Alan Wilson, <br> all in their official capacities, <br><br> Defendants. | C/A No.: 4:15-2107-DCN-TER <br><br> **REPORT AND RECOMMENDATION** |

Plaintiff, Robert Holland Koon ("Plaintiff" or "Koon"), proceeding pro se and in forma pauperis, brings this civil action against Defendants. Pursuant to the provisions of 28U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review such complaints for relief and to submit findings and recommendations to the District Court. After careful review, the undersigned recommends that Plaintiff's Complaint be summarily dismissed, without prejudice and without issuance and service of process, for the reasons stated below.

**PRO SE AND IN FORMA PAUPERIS REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the pro se complaint pursuant to the procedural provisions of 28 U.S.C. § 1915.The review has been conducted in light of the following precedents: Neitzke v. Williams,490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404U.S. 519 (1972); and Gordon v. Leeke,

574 F.2d 1147 (4th Cir. 1978). The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B)(i),(ii), (iii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke v. Williams, 490 U.S. 319 (1989).

This Court is required to liberally construe pro se documents, Estelle v. Gamble, 429U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, a pro se complaint may be subject to summary dismissal. The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't. of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**BACKGROUND**

Plaintiff, who is currently incarcerated at Lieber Correctional Institution of the South Carolina Department of Corrections, appears to file the instant action pursuant to 28 U.S.C. 2201

2

and 42 U.S.C.§ 1983.[1] See. Doc. # 1, at 1-4.  Plaintiff has named the following as Defendants: U.S. Attorney General Loretta Lynch, Chief Justice Jean Toal, and S.C. Attorney General Alan Wilson, all in their official capacity.[2] Plaintiff indicates that he believes he "is entitled to a "full and fair" due process hearing 1) to address issues of (A) fabrication of evidence by police (G.P.D.) (B) prosecutorial misconduct by solicitor (C) Juror/judicial misconduct (D) denial of counsel (E) involuntary plea (F) conspiracy by counsel to violate civil rights, to address a continuing violation fo due process/access to courts (KKK Act) and in order to define the legal rights of Plaintiff to a Full and fair hearing on above issues and obligations of defendants to provide (1) said full and fair hearing in the future and so defendants can conform their conduct to avoid future litigation." Doc. # 1 at 3). He asks that this court order the state court to conduct such a hearing based on his allegations.  (Doc. # 1 at 4). He asserts that Defendant Lynch "has jurisdiction to prosecute this case;" and that Defendant Alan Wilson, has the authority to "convene a full and fair hearing based upon issues of fabricated evidence, prosecutorial misconduct, juror/judicial misconduct, involuntary plea, and denial of counsel." (Doc. # 1 at 5). Plaintiff indicates that he believes that Chief Justice Toal is the individual "who can order a full and fair hearing" on all of the issues he raises. (Doc. # 1 at 5).  Essentially, it appears that Plaintiff is dissatisfied with the investigation, prosecution, and outcome  of past state court criminal cases[3] and he seeks to have this Court issue a declaratory

---

[1] Plaintiff also cites to 42 U.S.C. § 1985, 42 U.S.C. § 1986, and 28 USC 2283. (See Doc. # 1 at 3, 4).

[2] Plaintiff references a number of individuals in his Complaint, but indicates that they are not named as Defendants. (Doc. # 1, at 6).

[3] Plaintiff references magistrate court level convictions from 1984, (Doc. # 1, p. 10); a 1986 guilty plea transcript (Doc. # 1, p. 13) and a 1998 trial (Doc. # 1, p. 18).

3

judgement that he is entitled to a hearing which he believes should be instituted by the delineated defendants. See generally, Doc. # 1.

Plaintiff states on the first page of his Complaint that the instant action is a "DECLARATORY JUDGMENT ACT," and in the "Relief" section of his Complaint, Plaintiff seeks to have this court declare that he has a right to the "full and fair hearing" he has envisioned as well as an injunctive order, presumably to have the hearing conducted. (Doc. # 1 at 28). As noted above, Plaintiff has sued a state Supreme Court Justice as well as the two attorney generals. Plaintiff wisely does not seek monetary damages from Defendants, as such a claim would be barred by various immunity doctrines (judicial, 11th Amendment, and sovereign). See Mireles v.Waco, 502 U.S. 9 (1991); Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions." (citations omitted)); Cokley v. South Carolina Dept. of Probation, Parole & Pardon Services 2013 WL 315274, 2 (D.S.C.) (D.S.C.,2013) ("The Eleventh Amendment to the United States Constitution divests this Court of jurisdiction to entertain a suit for damages brought against the State of South Carolina, its integral parts, or its officials in their official capacities, by a citizen of South Carolina or a citizen of another state); Vance v. U.S. 2012 WL 630217 (D.S.C. 2012)(a claim against a federal employee in his or her official capacity is tantamount to a suit against the Government, and sovereign immunity bars such an action).

To the extent that Plaintiff's Complaint can be construed as requesting that this Court declare various past actions of the Defendants to be improper, the Court notes, however, that while declaratory relief may be available in some instances, this is not such a situation. "'A declaratory judgment is meant to define the legal rights and obligations of the parties in anticipation of some

future conduct, not simply to proclaim liability for a past act.'" Abebe v. Seymour, No. 3:12-377-JFA-KDW, 2012 WL 1130667, at *3 (D.S.C. Apr. 4, 2012) (quoting Lawrence v. Kuenhold, 271 F.App'x 763, 766 (10th Cir. 2008)) (internal quotation marks omitted) (emphasis added). In other words, "'[d]eclaratory judgments are designed to declare rights so that parties can conform their conduct to avoid future litigation,' and are untimely if the questionable conduct has already occurred or damages have already accrued." Tapia v. U.S. Bank, *N.A.*, 718 F. Supp. 2d 689, 695 (E.D. Va. 2010) (quoting The Hipage Co., Inc. v. Access2Go, Inc., 589 F. Supp. 2d 602, 615 (E.D. Va. 2008)). Although Plaintiff argues that he is proceeding under the Federal Declaratory Judgment Act, *see* 28 U.S.C. § 2201, his Complaint does not anticipate future conduct. Rather, it seeks a remedy for alleged wrongs that occurred during his previous litigation before the state courts.

Generally speaking, courts have held that the doctrine of judicial immunity does not bar §1983 suits seeking declaratory judgment. Guillion v. Cade, 449 F. App'x 340, 341 (5th Cir.2011); Johnson v. McCuskey, 72 F. App'x 475, 477 (7th Cir. 2003); Bolin v. Story, 225 F.3d1234, 1242 (11th Cir. 2000); see also Allen v. Burke, 690 F.2d 376, 378 (4th Cir. 1982)(holding, pre- Pulliam v. Allen, 466 U.S. 522 (1984), that "judicial immunity does not extend to injunctive and declaratory relief under 42 U.S.C. [§ ] 1983"). However, although Plaintiff states that he seeks declaratory relief, what Plaintiff actually seeks–as revealed by the requests set forth in the "Relief" section of his Complaint–is injunctive relief. (See Dkt. No. 1 at 28.). Plaintiff asks this Court to order that a "full and fair hearing" on Plaintiff's behalf be ordered. Such a request is akin to a request for injunctive relief, not declaratory relief. See Steffel v. Thompson, 415 U.S. 452, 467, 471(1974) ("[T]he express purpose of the Federal Declaratory Judgment Act (is) to provide a milder alternative to the injunction remedy . . . even though a declaratory judgment has the 'force and effect of a final judgment' . . . it

5

is a much milder form of relief than an injunction. Though it may be persuasive, it is not ultimately coercive; noncompliance with it may be inappropriate, but it is not contempt."); Ulstein Maritime, Ltd. v. United States, 833 F.2d1052, 1055 (1st Cir. 1987) ("Injunctions and declaratory judgments are different remedies. An injunction is a coercive order by a court directing a party to do or refrain from doing something, and applies to future actions. A declaratory judgment states the existing rights in a controversy, but does not, in itself, coerce any party or enjoin any future action."); Olagues v. Russoniello, 770 F.2d 791, 803 (9th Cir.1985) (recognizing the "considerable difference between *ordering* a government official to conduct his activities in a certain manner, and simply *pronouncing* that his conduct is unlawful and *should* be corrected"); see also 12 JAMES MOORE, MOORE'S FEDERAL PRACTICE § 57.07 (2000) ("Declaratory and injunctive relief have may attributes in common . . . . Although the result may be similar in both types of actions because each involves a court determination regarding the propriety of a particular course of action, declaratory relief involves a lesser showing than injunctive relief, and does not contain the coercive element of an injunction."). 42 U.S.C. § 1984, which states in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Id. (emphasis added). Since there is no existing declaratory decree involved and no legal basis shown for entry of any declaratory judgment requested in this case, Plaintiff's claim for injunctive relief against Defendant Justice Toal is statutorily barred. Catanzaro v. Cottone, 228 Fed. Appx. 164 (3d

6

Cir. April 5, 2007); Esensoy v. McMillan, No. 06-12580, 2007 WL 257342 (11th Cir. Jan 31 ,2007). Because Plaintiff seeks injunctive relief in the case *sub judice*, and the doctrines of judicial immunity bar Plaintiff's claim against Defendant Justice Toal ,the undersigned recommends dismissing her from the instant action without prejudice and without issuance and service of process. See Roth v. King, 449 F.3d 1272, 1286 (D.C. Cir. 2006);Lawrence v. Kuenhold, 271 F. App'x 763, 766 n.6 (10th Cir. 2008); see also DonatoMalave v. Abrams, 547 F. App'x 346, 347 (4th Cir. 2013) (noting that the precedent established by Pulliam v. Allen, 466 U.S. 522 (1984), was "abrogated by the Federal Courts Improvement Act of 1996, Pub.L. No. 104–317, 110 Stat. 3847, which amended §1983 and provided that 'injunctive relief [against a judicial officer] shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable'" (citation omitted)).

Likewise, with regard to Defendant Attorney General Wilson, Plaintiff's claims also fail. The Attorney General is entitled to prosecutorial immunity from liability for damages for activities intimately associated with the judicial phase of the criminal process. See Williams v. Condon, 553 S.E.2d 496, 509 (S.C. Ct. App. 2001). Prosecutorial immunity, however, does not protect prosecutors from suits seeking declaratory or injunctive relief. See Supreme Court of Va. v. Consumers Union of the U.S., Inc., 446 U.S. 719, 736–37 (1980) (citation omitted). However, claims for injunctive or declaratory relief that challenge the validity of a conviction or sentence are not cognizable in a civil rights case. See Heck v. Humphrey, 512 U.S. 477, 486–87 (1994) (finding that a prisoner has no cognizable claim under 42 U.S.C. § 1983 if a favorable result would question the validity of a conviction or sentence, unless the prisoner can demonstrate the conviction or sentence has been invalidated); see also Crump v. Morton–Smith, No. 3:10–cv–00788, 2010 WL 4719383, at *5 (S.D.W. Va. Oct. 19, 2010) ("Voiding the plea agreement would in essence reverse Plaintiff'

conviction. Plaintiff cannot seek a reversal of his conviction through a civil rights action."). Here, Plaintiff's allegations regarding the Defendant Attorney General Wilson all appear to relate to the investigation, prosecution and disposition of Plaintiff's underlying criminal cases. See Doc. # 1. Accordingly, his claims against this Defendant fails in light of Heck. Furthermore, as noted above, Plaintiff may not seek declaratory judgment regarding any alleged past violation of federal law. See Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 73 (1996) (holding that a plaintiff may bring suit "'against a state official when that suit seeks only prospective injunctive relief in order to 'end a continuing violation of federal law'" (quoting Green v. Mansour, 474 U.S. 64, 68 (1985)) (emphasis added)).[4]

As to Defendant Attorney General Lynch, Plaintiff indicates that she has "jurisdiction to prosecute this case." Plaintiff cannot obtain a criminal investigation or criminal charges against the Defendants or other named individuals through this lawsuit. See Linda R.S. v. Richard D., 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973) (A private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another); Collins v. Paczewski, 841 F.Supp. 333, 340 (D.Nev.1993) ("Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil actions'"). Since the Plaintiff does not have a judicially cognizable interest in the criminal prosecution of another, he lacks standing to even raise such a claim. Linda R.S. v. Richard D., 410 U.S. at 619.

---

[4]Additionally, the Court notes that to the extent Plaintiff seeks to sue Attorney General Wilson under the doctrine of respondeat superior, any such claim must fail as the doctrine is not applicable in § 1983 actions. Bragg v. McMaster 2011 WL 2386679, 1 (D.S.C. 2011)(citing Vinnedge v. Gibbs, 550 F.2d 926, 928–29 (4th Cir.1977)).

8

In light of the above, the Court finds that Plaintiff's Complaint should be dismissed without prejudice and without service of process.

## RECOMMENDATION

For the foregoing reasons, Plaintiff's Complaint should be summarily dismissed, without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the following page.

s/ Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

July 28, 2015
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).